IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RANDELL GLEN LAWS, (TDCJ-CID #1256902) | § § § |
| Plaintiff, | § § |
| vs. | § CIVIL ACTION H-14-3320 |
| LYNN N. HUGHES, *et al.*, | § § § |
| Defendants. | § § |

**MEMORANDUM AND OPINION**

Randell Glen Laws, an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division, sued in November 2014, alleging a denial of due process. Laws sues Judges of the United States District Court for the Southern District of Texas and of the United States Court of Appeals for the Fifth Circuit. Laws's claims lack merit as a matter of law and cannot proceed. This case is dismissed for the reasons stated below.

Laws alleges that three Circuit Judges conspired with a District Judge to deprive him of his right to equal protection. Laws claims that these defendants conspired by denying his petition for federal habeas corpus relief. He seeks an "objective review" of his federal petition for habeas corpus relief.

A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable

basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Judges have absolute immunity from suits for performing a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 357-60 (1978). A judge is not deprived of immunity for erroneous or malicious actions or actions that exceeded the judge's authority, so long as the judge was performing a judicial function. *Id.* at 357. *Forrest v. White,* 484 U.S. 219, 227-229 (1988) (denying a judge absolute immunity for performing administrative rather than judicial duties).

Laws challenges the acts and omissions of federal judges who adjudicated Laws's petition for federal habeas corpus relief. Reviewing and denying federal petitions is a normal judicial function. The federal petition Laws filed was properly before the district court and the Fifth Circuit. The record is clear that the challenged acts were judicial acts within the judges' jurisdiction. Laws's claims lack merit because they seek relief from parties immune from suit.

Laws's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted. The action lacks an arguable basis in law and is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

The TDCJ-CID must deduct 20% of each deposit made to Laws's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on November 24, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge